IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-2385-B-BH |
| | ) | |
| JOSE LUIS-GONZALEZ, | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *in forma pauperis* removed case has been automatically referred for judicial screening. Before the Court are the removing defendant's *Motion to Dismiss in the Nature of an Abatement* (doc. 3), and *Application to Proceed In District Court Without Prepaying Fees or Costs* (doc. 4), both filed September 7, 2017. Based on the relevant filings and applicable law, the motion and application should be **DENIED**, and the case should be **REMANDED**.

**I. BACKGROUND**

On September 7, 2017, two individuals purported to remove this action from County Court No. 6 in Tarrant County, Texas, on behalf of the defendant. (*See* doc. 2.) Each of the two individuals signed the filing as "Agent [Rule 14]" for the defendant. (*Id.* at 4.)[1] By *Notice of Deficiency and Order* dated September 11, 2017, the individuals and the defendant were advised that because the individuals did not appear to be licensed attorneys, they could not remove or prosecute the action on the defendant's behalf. (*See* doc. 7.) The order specifically advised that to the extent that the defendant wished to pursue this removed action on his own behalf, he must

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

file an amended notice of removal under his own signature within seven days. (*Id.*) By separate order also dated September 11, 2017, the individuals and the defendant were also advised that the notice of removal did not comply with the statutory requirements or the local rules, and that a compliant amended notice must be filed within seven days. (*See* doc. 6.) Both orders expressly provided that failure to comply with the terms of each order could result in the dismissal of this action. (*See* docs. 6, 7.) More than seven days since the date of the orders have passed, but the defendant has not filed a compliant amended notice of removal, or anything else in this case.

The defendant also filed an application for leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.) By order dated September 11, 2017, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave the defendant seven days to pay it. (*see* doc. 5.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* More than seven days have passed, but the defendant has not paid the fee or filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the defendant's application shows that he has $1,500 in cash. His average monthly

income for the past twelve months is approximately $2,500, his expected income next month is $3,200, and his average monthly household expenses are $1,860. Some expenses, such as his recreational expenses, appear to be discretionary. The defendant has not shown that he will suffer undue financial hardship after payment of the $ 400.00 filing fee, and his IFP motion should be denied.

### III.  INVOLUNTARY DISMISSAL UNDER RULE 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated September 11, 2017, the defendant was given seven days to pay the filing fee, and to file an amended notice of removal that complied with the statutory and local requirements. He was specifically warned that failure to do so could result in dismissal of this action. Because the defendant failed to follow a court order to pay the full filing fee and to file a compliant amended notice or removal, or to otherwise show that he intends to proceed with this case, it is subject to dismissal without prejudice under Rule 41(b) for failure to prosecute or follow orders of the court.

### IV.  REPRESENTATION OF DEFENDANT

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. Rule 11 of the Federal Rules of Civil

3

Procedure requires that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By orders dated September 11, 2017, the individuals who signed and filed the notice of removal were advised that they could not remove or prosecute this action on behalf of the defendant, and that dismissal would be recommended if the defendant did not timely file a amended notice of removal under his own signature. (*See* doc. 7).[2] The defendant has not filed an amended notice of removal under his own signature. Because he has not shown that he intends to prosecute this removed case, it should be remanded.

### V.  CONCLUSION

The defendant's application to proceed *in forma pauperis* should be denied, the motion to abate should be denied as moot, and this case should be remanded to County Court No. 6 for Tarrant County, Texas.

**SO RECOMMENDED on this 20th day of September, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] In another action purportedly removed from County Court No. 6 by these two individuals, the order of remand noted that neither individual appears to be an attorney and warned that attempting to act as an attorney without a license to practice law is a criminal offense that could subject them to prosecution. *See State of Texas v. Cerda-Ovalle*, No. 3:17-CV-2384-C (N.D. Tex.), doc. 4.

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE